IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION<br>   125 Broad Street<br>   New York, NY 10004,<br><br>          Plaintiff,<br><br>      v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; DEPARTMENT OF HOMELAND SECURITY, OFFICE OF THE INSPECTOR GENERAL,<br>   Department of Homeland Security<br>   Office of the General Counsel<br>   Mail Stop 3650<br>   245 Murray Lane, SW<br>   Washington, DC  20528<br><br>          Defendants. | Civil Action No. 08-1100<br>         (RBW) |

## ANSWER

Defendants, by their undersigned attorneys, hereby answer the Complaint as follows:

## FIRST DEFENSE

The Department of Homeland Security's (DHS) Immigration and Customs Enforcement (ICE) and Office of Inspector General (OIG) are not proper party defendants.

SECOND DEFENSE

In response to the numbered paragraphs of the Complaint, defendants admit, deny, or otherwise aver as follows.

1. The first paragraph of Plaintiff's complaint is a statement of Plaintiff's case, to which no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 1.

2. Admitted that Plaintiff submitted a Freedom of Information Act ("FOIA") request dated June 27, 2007 to DHS. With respect to FOIA requests sent to entities that are not parties to this litigation (Health Resources and Services Administration (HRSA) and the United States Public Health Service (PHS)), Defendants deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

3. First, second, and third sentences: Deny, for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Fourth sentence: Deny, except to aver that the Office of Inspector General published an Inspection report, "ICE Policies Related to Detainee Deaths and the Oversight of Immigration Detention Facilities," to which the Court is respectfully referred for a complete and accurate description of the OIG's findings on the matter.

4. Deny, except to admit that Plaintiff requested expedited processing by letter to DHS dated June 27, 2007, to which the Court is respectfully referred for a complete and accurate statement of its contents.

5. Paragraph 5 contains legal arguments to which no answer is required. To the extent an answer is required, Defendants deny as conclusions of law. With respect to

2

the factual allegations asserted, Defendant ICE admits that it has provided Plaintiff with certain documents responsive to Plaintiff's FOIA; Defendants deny that many documents responsive to Plaintiff's request have not been identified or produced, although the OIG is still producing additional documents.

6.   First sentence: Deny, except to aver that OIG denied Plaintiff's request for expedited processing by letter dated July 18, 2007, to which the Court is respectfully referred for a complete and accurate statement of its contents. Second sentence: This sentence consists of Plaintiff's legal arguments, to which no answer is required, but insofar as an answer may be deemed required, deny, as conclusions of law. Third sentence: Deny.

7.   First and second sentences: Deny, for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Third and fourth sentences: Deny. Fifth sentence: This is a statement of Plaintiff's intent in filing this case, to which no answer is required. To the extent that an answer is deemed required, Defendants deny the allegations in this sentence.

8.   Paragraph 8 contains a statement of jurisdiction and venue, to which no answer is required, but insofar as an answer may be deemed required, deny.

9.   Deny, for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

10.   Deny, for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

11.   First and second sentences: Admit. Third sentence: This sentence consists of Plaintiff's legal argument, to which no answer is required, but insofar as an

3

answer may be deemed required, deny as a conclusion of law. Fourth sentence: Deny, except to aver that the DHS maintains certain records to which Plaintiff seeks access.

    12.     Admitted.

    13.     Admitted.

    14.     This paragraph consists of Plaintiff's characterization of PHS, an entity that is not a party to this litigation. Plaintiff's characterization does not require an answer, but to the extent an answer may be deemed required, deny.

    15.     This paragraph consists of Plaintiff's characterization of the Department of Health and Human Services (HHS), an entity that is not a party to this litigation. Plaintiff's characterization does not require an answer, but to the extent an answer may be deemed required, deny.

    16.     This paragraph consists of Plaintiff's characterization of HRSA, an entity that is not a party to this litigation. Plaintiff's characterization does not require an answer, but to the extent an answer may be deemed required, deny.

    17.     Admitted.

    18.     Paragraph 18 contains Plaintiff's characterization of an earlier complaint filed against DHS, which does not require an answer, but insofar as an answer may be deemed required, admit that Plaintiff filed an earlier action against DHS. Defendants respectfully refer the Court to a copy of that complaint for an accurate depiction of the allegations contained therein.

    19.     Paragraph 19 contains Plaintiff's characterization of a newspaper article that appeared in the Washington Post, which does not require an answer. Defendant

respectfully refers the Court to a copy of that article for a complete and accurate depiction of its contents.

20. Paragraph 20 contains Plaintiff's characterization of a newspaper article that appeared in the New York Times, which does not require an answer. Defendants respectfully refer the Court to a copy of that article for a complete and accurate depiction of its contents.

21. Admitted that Plaintiff submitted a FOIA request dated June 27, 2007 to DHS, and Defendants respectfully refer the Court to a copy of that request for a complete and accurate description of its contents. With respect to FOIA requests sent to entities that are not parties to this litigation (HRSA and PHS), deny, for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

22. First sentence: Admitted with respect to Plaintiff's request to DHS, and the Court is respectfully referred to a copy of that request for a full and accurate statement of its contents. Second sentence: This sentence contains legal arguments to which no answer is required. To the extent an answer is deemed required, deny, as a conclusion of law. Third through sixth sentences: To the extent these sentences purport to characterize Plaintiff's request for expedited processing, the Court is respectfully referred to a copy of that request for a complete and accurate statement of its contents. To the extent that these sentences contain legal arguments, no answer is required. To the extent an answer is required, deny, as conclusions of law. With respect to any aspect of this paragraph that may concern requests sent to entities that are not party to this litigation (HRSA and PHS), deny, for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

23. Deny, for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

24. Deny, for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

25. First sentence: Admitted. Second and third sentences: Deny, except to aver that DHS denied Plaintiff's request for expedited processing by letter dated July 11, 2007, to which the Court is respectfully referred for a complete and accurate statement of its contents.

26. Paragraph 26 contains Plaintiff's characterization of the ICE Public Affairs Guidance issued on July 12, 2007. (Plaintiff's Exhibit 3) Defendants respectfully refer the Court to that document for a complete and accurate depiction of its contents.

27. Admit transmittal of a letter dated July 18, 2007 from OIG to Plaintiff, to which the Court is respectfully referred for a complete and accurate statement of its contents.

28. Admit that by letter dated July 24, 2007, ICE's FOIA Office responded to Plaintiff's request for expedited treatment, and the Court is respectfully referred to a copy of that letter, Plaintiff's Exhibit 5, for a complete and accurate statement of its contents..

29. Admit that by letter dated July 30, 2007, ICE's FOIA Office corresponded with Plaintiff about the timing of the processing of Plaintiff's FOIA request, and the Court is respectfully referred to a copy of that letter for a complete and accurate statement of its contents.

30. Deny, for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

31. Deny, except to aver OIG's partial release of a one-page document to plaintiff by letter dated September 27, 2007, to which the Court is respectfully referred for a complete and accurate statement of its contents.

32. Admitted.

33. Admitted.

34. Deny, except to aver receipt of separate letters from Plaintiff to OIG and ICE, dated November 5, 2007, to which the Court is respectfully referred for a complete and accurate statement of their contents

35. Admit that by letter dated November 15, 2007, ICE's FOIA Office corresponded with Plaintiff about Plaintiff's request for expedited processing, and the Court is respectfully referred to a copy of that letter for a complete and accurate statement of its contents.

36. Admit that by letter dated January 4, 2008, ICE's FOIA Office corresponded with Plaintiff about its FOIA request and released certain documents to Plaintiff, and the Court is respectfully referred to a copy of that letter for a complete and accurate statement of its contents.

37. Defendants deny the allegation contained in the first sentence of paragraph 37. The second sentence contains legal argument to which no answer is required. To the extent an answer is required, defendants deny the allegations in this sentence. Defendants are without sufficient knowledge to admit or deny the allegations contained in the third sentence and the allegations in the fourth sentence with respect to HRSA.   In the fourth sentence, Defendants deny the allegations relating to ICE's response to Plaintiff.

38. Defendants admit the first sentence of paragraph 38. The second sentence of paragraph 38 contains Plaintiff's characterization of a document ICE produced in response to Plaintiff's FOIA request. Defendants respectfully refer the Court to a copy of that document for a complete and accurate depiction of its contents. Sentence three of this paragraph contains Plaintiff's speculation to which no answer is required. To the extent an answer is required, Defendants deny the allegations in that sentence, and Defendant ICE avers that the "detainee death list" was one of the documents located as a result of Defendant ICE's search for responsive documents and provided ICE leads as to where additional responsive records might be found. Defendants deny the last two sentences of Paragraph 38.

39. Defendants deny that Plaintiff's exhibit 12 describes the types of records ICE produced in response to Plaintiff's FOIA request and respectfully refer the Court to Plaintiff's exhibit 12 for a complete and accurate depiction of its contents. The second sentence of paragraph 39 contains Plaintiff's characterization of ICE's January 4, 2008 response to Plaintiff. Defendants respectfully refer the Court to Plaintiff's exhibit 11 for a complete and accurate depiction of its contents. The third sentence of paragraph 39 contains Plaintiff's speculation to which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in this sentence. The last sentence of Paragraph 39 contains legal argument to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this sentence.

40. Defendants admit the first sentence of paragraph 40. The second sentence of paragraph 40 contains legal argument to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein. The third

sentence of paragraph 40 contains Plaintiff's speculation of how it believes Defendant ICE conducted its search for records, to which no answer is required. To the extent an answer is required, Defendants deny allegations contained therein with respect to Defendant ICE's search.  In additional response to the third sentence of paragraph 40, Defendants admit that Defendant ICE did not provide medical records for the majority of the deceased detainees.  The remainder of paragraph 40 contains legal argument to which no answer is required.  To the extent an answer is required, Defendants deny the allegations therein.

41. Defendants admit the first sentence of paragraph 41.  The remainder of paragraph 41 contains legal argument to which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained therein.

42. Defendants deny the first sentence of paragraph 42 and admit the second sentence.  The third sentence contains legal argument to which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in the third sentence of paragraph 42.  Defendants admit the last sentence of paragraph 42, but aver that there was no legal obligation to provide a detailed explanation as to the basis for withholding documents at the time of this response.

43. Paragraph 43 contains Plaintiff's speculation as to the origin of documents described in a story published by the Washington Post, to which no answer is required. To the extent an answer is required, Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 43.

44. Defendants deny the first sentence of paragraph 44.  Defendants admit the remainder of paragraph 44.

45.	Paragraph 45 contains legal argument to which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in Paragraph 45.

46.	Defendants admit the first two sentences of paragraph 46. The third sentence of paragraph 46 contains allegations that assume the existence of certain documents. While Defendants admit that these documents were not produced to Plaintiff in response to this FOIA request, Defendants deny that an adequate response to Plaintiff's FOIA request would have included such documents.

47.	Defendants admit the first sentence of paragraph 47. Defendants are without sufficient knowledge to admit or deny the allegations contained in the second sentence of paragraph 47. The last sentence in paragraph 47 contains legal argument to which no answer is required. To the extent an answer is required, Defendants deny the allegation contained in the last sentence of paragraph 47.

48.	Paragraph 48 contains legal argument to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 48.

49.	Paragraph 49 contains Plaintiff's characterization of the Standard Operating Procedure on internal mortality review to which no answer is required. Defendants respectfully refer the Court to Plaintiff's exhibits 15 and 17 for a complete and accurate depiction of their contents.

50.	Defendants are without sufficient knowledge to admit or deny the allegations contained in the first sentence (including parentheticals) of paragraph 50. Defendants deny the second sentence of paragraph 50. Defendants deny that the

allegation in the final sentence of paragraph 50 that ICE failed to produce documents response to certain portions of Plaintiff's FOIA request.

51. Paragraph 51 contains legal argument to which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in paragraph 51.

52. The first sentence of paragraph 52 contains legal argument to which no answer is required. To the extent an answer is deemed required, Defendants deny the first sentence of paragraph 52. Defendants are without sufficient knowledge to admit or deny the allegations contained in the second sentence of paragraph 52. The third sentence of paragraph 52 contains legal argument to which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in the third sentence of paragraph 52. Defendants deny the allegations in the fourth sentence of paragraph 52.

53. Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 53.

54. The first and second sentences of paragraph 54 contain legal arguments to which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in the first two sentences of paragraph 54. Defendants deny the last sentence of paragraph 54.

55. Paragraph 55 contains legal argument to which no response is required. To the extent an answer is required, Defendants deny the allegations contained in paragraph 55.

56. Defendants admit the first sentence of paragraph 56. The second sentence of paragraph 56 contains legal argument to which no response is required. To the extent

a response is required, Defendants deny the allegations therein.  Defendants deny the third sentence of paragraph 56 and aver that Defendant ICE provided the portions of Significant Event Reports that indicated when notice had been provided to deceased detainees' next of kin.

57. Paragraph 57 contains legal argument to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 57.

58. Admitted.

59. Admitted.

60. Admit, but aver that ICE would never issue any decision or determination regarding the appeal.  That is the responsibility of the DHS Office of General Counsel, which has not yet issued a decision or determination on Plaintiff's administrative appeal.

61. Deny, except to admit that OIG called Plaintiff to discuss its FOIA request.  The resulting telephone conversation was memorialized by both parties in a series of electronic mail (e-mail) exchanges dated November 21 through November 28, 2008, to which the Court is respectfully referred for a complete and accurate statement of their contents.

62. Deny, except to aver receipt of an e-mail from Plaintiff to OIG dated November 21, 2007, to which the Court is respectfully referred for a complete and accurate statement of its contents.

63. Deny, except to aver transmittal of an e-mail from OIG to Plaintiff dated November 28, 2007, to which the Court is respectfully referred for a complete and accurate statement of its contents.

64.     First sentence: Admitted. Second and third sentences: Deny, except to aver receipt of an e-mail from Plaintiff to OIG, dated November 28, 2007, to which the Court is respectfully referred for a complete and accurate statement of its contents. Fourth sentence: Defendants respectfully refer the Court to Plaintiff's exhibit 25 for a complete and accurate depiction of its contents. The fifth sentence is admitted. The sixth sentence, which appears in a parenthetical, is Plaintiff's characterization of a document provided in response to Plaintiff's FOIA request, to which no answer is required. Defendants respectfully refer the Court to a copy of that letter for a complete and accurate statement of its contents.

65.     Deny, except to aver transmittal of an e-mail from OIG to plaintiff dated December 7, 2007, to which the Court is respectfully referred for a complete and accurate statement of its contents.

66.     Deny, except to admit that by letter dated December 7, 2007, Plaintiff filed with DHS OGC a formal appeal of OIG's decision to not grant expedited processing of Plaintiff's FOIA request, and the Court is respectfully referred to a copy of that letter for a complete and accurate statement of its contents.

67.     Deny, except to admit the transmittal of Plaintiff's appeal to DHS OGC and aver that by letter dated January 8, 2008, DHS responded to that appeal, and the Court is respectfully referred to a copy of those two documents for a complete and accurate statement of their contents.

68.     Deny, except to aver receipt of an e-mail from Plaintiff to OIG dated January 25, 2008, to which the Court is respectfully referred for a complete and accurate statement of its contents.

69.	First sentence: Admitted. Second sentence: Deny, except to aver transmittal of an e-mail from OIG to Plaintiff dated February 15, 2008, to which the Court is respectfully referred for a complete and accurate statement of its contents.

70.	First sentence: Admitted. Second and third sentences: Deny, except to aver transmittal of an e-mail from OIG to Plaintiff dated March 19, 2008, to which the Court is respectfully referred for a complete and accurate statement of its contents. Fourth and fifth sentences: Deny, except to aver the exchange of e-mail correspondence between OIG and Plaintiff from March 19 through March 26, 2008, to which the Court is respectfully referred for a complete and accurate statement of its contents.

71.	Admitted.

72.	Admit that OIG responded to Plaintiff by e-mail dated April 25, 2008, to which the Court is respectfully referred for a complete and accurate statement of its contents. Further, aver that by letter dated July 23, 2008, even though it was not required to do so, the OIG included records relating to Mr. Ahmed Tander despite Plaintiff's untimely submission of Mr. Tander's name.

73.	First sentence: This sentence contains Plaintiff's characterization of a newspaper article, to which no answer is required, but to the extent an answer may be deemed required, deny. Second sentence: Admitted.

74.	Paragraph 74 contains Plaintiff's characterizations of news stories that appeared on 60 Minutes and in the Washington Post, to which no answer is required, but to the extent an answer is required, deny. Defendants respectfully refer the Court to those new stories for an accurate depiction of their contents.

75. Deny, except to admit transmittal of two e-mails from OIG to Plaintiff dated May 12, 2008, to which the Court is respectfully referred for a complete and accurate statement of their contents.

76. Deny, and aver that OIG partially released a one-page record to Plaintiff by letter dated September 27, 2007, to which the Court is respectfully referred for a complete and accurate statement of its contents. And, by letter dated July 23, 2008, the OIG provided plaintiff with 97 pages in full and 329 pages in part, to which the Court is respectfully referred for a complete and accurate statement of its contents.

77. The first sentence of paragraph 77 contains Plaintiff's characterization of the level of public interest in the matter of detainee deaths to which no response is required. To the extent an answer is required, Defendants deny plaintiff's characterization. Defendants admit the second sentence of paragraph 77.

78. Defendants hereby incorporate their answers provided to paragraphs 1-77 above, as if fully set forth herein.

79. Paragraph 79 consists of Plaintiff's legal arguments to which no answers are required, but to the extent that answers may be deemed required, deny, as conclusions of law.

80. Paragraph 80 consists of Plaintiff's legal arguments to which no answers are required, but to the extent that answers may be deemed required, deny, as conclusions of law.

81. Paragraph 81 consists of Plaintiff's legal arguments to which no answers are required, but to the extent that answers may be deemed required, deny, as conclusions of law.

82. Paragraph 82 consists of Plaintiff's legal arguments to which no answers are required, but to the extent that answers may be deemed required, deny, as conclusions of law.

83 - 87. Paragraphs 83 through 87 contain Plaintiff's prayer for relief to which no answer is required. To the extent an answer is required, Defendants deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

Each and every allegation not heretofore expressly admitted or denied is denied.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR
D.C. Bar #498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS
D.C. Bar #434122
United States Attorney

_____/s/_____

Dated: July 30, 2008

MARINA UTGOFF BRASWELL
D.C. Bar # 416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W., Civil Division
Washington, D.C. 20530
(202) 514-7226