IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION<br>125 Broad Street<br>New York, NY 10004,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY; UNITED STATES<br>IMMIGRATION AND CUSTOMS<br>ENFORCEMENT; DEPARTMENT OF<br>HOMELAND SECURITY, OFFICE OF THE<br>INSPECTOR GENERAL,<br>    Department of Homeland Security<br>    Office of the General Counsel<br>    Mail Stop 3650<br>    245 Murray Lane, SW<br>    Washington, DC  20528<br><br>    Defendants. | Civil Action No. 08-1100<br>(RBW) |

## DECLARATION IN SUPPORT OF AN EXTENSION OF TIME FOR DEFENDANT ICE TO PRODUCE VAUGHN INDEX AND DECSRIPTION OF SEARCH

Catrina Pavlik-Keenan, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am the Freedom of Information Act ("FOIA") Officer of the Freedom of Information Act/Privacy Act Office at U.S. Immigration and Customs Enforcement ("ICE") within the Department of Homeland Security ("DHS") (the "ICE FOIA Office"). I make this declaration in support of Defendant's request for extension of time in the above captioned case.

2. I have held the position of FOIA Officer in the ICE FOIA Office since

December 18, 2006, when the ICE FOIA Office was created. Prior to this position, I was employed with the FOIA office at the Transportation Security Administration (TSA) for approximately four years, first as a Supervisory FOIA Analyst, then as Deputy Director for two years, and finally as Director of TSA's FOIA office. In total, I have 16 years experience in processing FOIA requests.

3. On December 5, 2008, ICE informed the Court that it would prepare a *Vaughn* index and supporting declaration in this case by Friday, January 23, 2009. However, subsequent to that representation, ICE received an order in another pending litigation to which ICE is a party (Unidad Latina en Accion and Junta for Progressive Action, Inc. v. United States Department of Homeland Security, (D. Conn., Civil Action No. 07cv 1224)), which required ICE to conduct an extensive review of its search and processing of the responsive documents, and re-review all 2738 pages of documents produced by the agency in response to that underlying request. My staff and I spent over 100 hours attempting to address the issues raised in that case with the timeframe required.

4. In addition, after we made our submissions on December 5, 2008, we were notified by one of the other Department of Homeland Security components that referred over 4300 pages of documents to our office that there was a discrepancy in the page count. This resulted in my office having to go page by page and determine what pages were missing. As a result 252 pages were found that had not been processed. We then processed those records and provided to the Plaintiff.

5. As a result of these two unanticipated events, much of the time I believed that my staff and I would have available to draft and finalize the *Vaughn* index and supporting declaration in this case did not materialize.

6. For the foregoing reason ICE is asking for seeking an extension of 10 working days in which to file the Vaughn index and supporting declaration.

## JURAT CLAUSE

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 22nd day of January, 2009.

_____
Catrina Pavlik-Keenan