IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY, et al.<br><br>Defendants. | Civil Action No. 08-1100<br>(RBW) |

## DECLARATION OF JAMES W. MCNEELY

## IN SUPPORT OF MOTION TO ENLARGE TIME

I, James W. McNeely, declare the following to be a true and correct statement of facts:

1) I am an attorney-advisor in the Office of General Counsel, assigned to the Office for Civil Rights and Civil Liberties (CRCL), U.S. Department of Homeland Security (DHS), and have been licensed to practice law in the State of New York since 2001. I also serve as CRCL's Freedom of Information Act Officer. In this capacity, I have direct oversight of the preparation of responses to FOIA/Privacy Act requests, oversight of CRCL's compliance with Departmental policies and procedures for handling such requests, and assisting CRCL and the Department in litigation involving CRCL records.

2) I am personally familiar with the facts and circumstances surrounding the CRCL's handling of the FOIA request of the above-captioned Plaintiff, American Civil Liberties Union (hereinafter referred to as "Plaintiff"). The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in

my official capacity, and upon conclusions and determinations reached and made in accordance therewith. If called as a witness, I could testify competently as to the facts set forth in this declaration.

3) I submit this declaration in compliance with the parties' Joint Report to the Court, dated December 5, 2008. Pursuant to the terms of this report, I request an expansion of time in order to finish processing documents in CRCL's possession that are responsive to Plaintiff's request, and to complete preparation of a *Vaughn* index and associated declaration. Despite our best efforts, processing the large quantity of potentially responsive documents that surfaced as a result of CRCL's comprehensive search of records was simply not possible in the allotted time. I will be able to fully complete the processing of all documents within the ten day extension period. In making this request I note that an interim final response to the Plaintiff's FOIA request was sent to the Plaintiff on December 19, 2008. (See Paragraph 10 below.)

4) The original FOIA request was directed to several entities in the Department of Homeland Security, but not to the CRCL. CRCL became aware of the request, and the possibility that it might have responsive documents, when copies of documents generated by CRCL were found by the Office of Inspector General during its search for responsive documents. These documents were sent to the CRCL in August, September and November 2008.

5) Upon receipt, I reviewed the documents referred by OIG, and reviewed in detail the initial FOIA request, I made inquiries within CRCL to determine if CRCL possessed any other potentially responsive records in addition to the documents sent to us by the OIG. As a result of my inquiries I learned that CRCL possessed several records relating

to deaths in detention including records relating to 15 complaints that contained the key words "death," "die," or "died" in a database that summarized the facts of the complaints.

6) Between September 24, 2008 and October 29, 2008, I worked within DHS and with Assistant U.S. Attorney, Ms. Marina Braswell to clarify the exact scope of the search required within CRCL in order to gather responsive documents. Following discussions with Plaintiff and Ms. Braswell, a more detailed search of CRCL records was conducted to determine more accurately the extent of potentially responsive records that might be found. As a result of that search, we determined that five complaints and investigative files pertained to deaths in custody and might have responsive documents, and that CRCL had substantial involvement in the investigation of two of the five. An agreement was reached with Plaintiff by November 7, 2008, limiting the scope of the records search to the two complaints actually handled by CRCL; one closed complaint, and one complaint that is still an open investigative file within CRCL.

7) Initial searches of the DHS complaints database for records relating to the two complaints were initiated during the second week of November, 2008. From records contained within the database, a list of individuals reasonably likely to have email communications, electronic or hard copy documents, or other responsive records in their possession was generated. Additionally, a search of the CRCL Executive Secretary account was conducted.

8) A broader search of individual records, based on information in the complaints database, was initiated on December 4, 2008. Individuals were directed, in writing, to search "email, current and archived" and to produce "any documents that you are aware of which pertain to the two cases. . ." A copy of the FOIA request was attached to the

email. The individuals tasked to search reported to me that they had conducted a search of their records, or that they had supervised subordinates in a search of their records, for any documents or other media responsive to the request. The search for records in possession of current CRCL employees was substantially completed by December 15th, 2008.

9) This detailed and comprehensive search for responsive records revealed 182 pages of potentially responsive documents in the open investigative file, and upwards of 4,500 pages of potentially responsive documents relating to the closed complaint. Initial sorting and analysis of the approximately 4,500 pages of potentially responsive documents from the closed investigative file permitted the elimination of duplicate copies of identical documents[1] and reduced the total number of potentially responsive pages to 1359.

10) CRCL prepared an interim final response to Plaintiff in a letter dated December 19, 2008. In that letter CRCL informed Plaintiff that 182 pages comprising the open complaint file were being withheld pursuant to Exemption 7(a). From the closed case file, 24 pages of documents were referred to OIG for direct response to Plaintiff, 124 pages were referred to Immigration and Customs Enforcement. Additionally, 21 pages were released to Plaintiff in their entirety.

11) Between December 21, 2008 and the present, I have been working with CRCL staff to review and redact the remaining 1057 pages of potentially responsive records, to prepare a *Vaughn* index, and an accompanying declaration describing the processing of

---

[1] Where documents were identical, mere copies were discarded. Where emails were substantially the same but for the "to," "from," and "cc" addressees, duplicates were discarded. Where the final email in an email chain contained all prior emails, only the last email was retained for evaluation as a potentially responsive record. This method was reasonably calculated to yield all potentially responsive documents while minimizing waste of government resources.

this FOIA request and litigation, as well as supporting the exemptions claimed. This effort has consumed approximately 80% of my work hours since December 15th.

12) All of the remaining tasks - specifically the processing of the potentially responsive documents, preparation of the *Vaughn* index, and a supporting declaration – will be completed during the 10 working day extension.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Signed this 23rd day of January, 2008.