125 BROAD STREET
NEW YORK, N.Y. 10004-2498

May 7, 2009

Via E-mail

Marina Utgoff Braswell, Esq.
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W., Civil Division
Washington, D.C. 20530.

>Re: ACLU v. Department of Homeland Security, et. al., CA No. 1:08-CV-01100 (RBW)

Dear Ms. Braswell:

I write pursuant to our agreement to identify the ACLU's challenges to defendants' purported applications of statutory FOIA Exemptions to withhold records, in full or in part, responsive to the ACLU's June 27, 2007 FOIA request (the "Request"), and to defendants' searches for responsive records. As we agreed, pending our review of the unexpected 6,000 pages of additional records recently produced by U.S. Immigration and Customs Enforcement ("ICE"), this letter addresses only the ACLU's current challenges with respect to the releases made by the DHS Office of Inspector General ("OIG") and the DHS Office for Civil Rights and Civil Liberties ("CRCL").

### OIG

The ACLU contends that OIG erroneously applied certain FOIA Exemptions to withhold a number of important records in full or in part. Specifically, to the extent that OIG does not agree to provide corrected releases, the ACLU expects to seek to compel release of the following documents (or portions thereof):

- 51 memoranda containing information provided to the OIG during interviews conducted in connection with a review of detainee deaths by the Office of Inspections, most of which were withheld in their entirety based primarily on claimed application of Exemption 5. (*See* OIG *Vaughn* Index Entries 129, 137.)

Marina Utgoff Braswell, Esq. -2-

- Information provided by third parties in connection with the Office of Inspections review that was withheld in full or redacted from various records, also based primarily on claimed application of Exemption 5. (*See* OIG *Vaughn* Index Entries 61, 68, 96, 100, 104, 105.)

- Handwritten witness statements that OIG withheld in full, purportedly under Exemptions 6 and 7(C). (*See* OIG *Vaughn* Index Entries 2, 32.)

In addition, the ACLU contends that OIG improperly limited the search of its Office of Investigations to records related only to the particular deaths in custody that the ACLU had been able to identify at the time OIG began its search in 2008. At that time, the ACLU expressly declined to limit the parameters of OIG's search to records related to those deaths, noting that DHS should be much better positioned than the ACLU to identify individuals who had died in ICE custody, and to locate all records related to those deaths. Accordingly, OIG should conduct an additional search for records located in its Investigations Data and Management System related to *all* immigration deaths in ICE custody that occurred before OIG completed its search in March 2009 (and that are otherwise within the scope of the Request), particularly records related to the additional detainees included in the list of deaths in ICE custody recently produced to The New York Times, apparently in response to a separate FOIA request. (A copy of that list is enclosed with this letter.)

**CRCL**

CRCL agreed to produce records related to investigations into two particular deaths in custody. CRCL withheld entirely, however, all records relating to one of those two investigations (CRCL File No. 08-11-150, concerning the death of Hiu Lui Ng at the Wyatt County Detention Center in Rhode Island), relying on FOIA Exemption 7(A).[1] With respect to the other investigation for which CRCL agreed to produce responsive records (06-10-ICE-0087, related to the death of Maria Inamagua at the Ramsey County Jail in Minnesota), the ACLU expects to challenge CRCL's claimed applications of FOIA Exemptions to withhold the following records, in full or in part, to the extent that CRCL does not provide corrected releases:

---

[1] The ACLU does not agree that Exemption 7(A) permits withholding the entire file. At a minimum, CRCL is required to justify its withholdings by categorizing the documents within the file and describing how the release of each such category would impede the investigation. Nevertheless, because CRCL has agreed to produce the otherwise releasable records within the file after the investigation closes, the ACLU does not expect to challenge CRCL's application of Exemption 7(A). Notably, however, ICE currently is similarly withholding all documents related to multiple open investigations. ICE also did not sufficiently justify its withholdings and, unlike CRCL, it has not agreed to produce otherwise releasable records related to those investigations after they close. If ICE agrees to process and produce, on an expedited basis, the otherwise releasable portions of those files upon closure of those investigations, without the need for a new FOIA request and regardless of the status of this litigation, the ACLU would agree not to challenge ICE's improper application of Exemption 7(A) to withhold the entire contents of those files.

Marina Utgoff Braswell, Esq.                                                                                                    -3-

- CRCL's final investigation report and the final report of CRCL "experts" (including attachments), which appear to relate to CRCL's investigation of Ms. Inamagua's death "and medical standards in detention facilities", all of which were withheld in their entirety primarily based on claimed applications of Exemptions 5 and 7(E). (*See* CRCL *Vaughn* Index at CR 7246-3 – CR 7246-126; and CR 7246-1161 – CR 7246-1170.)

- Various additional documents (or portions thereof) relating to CRCL's investigation into Ms. Inamagua's death, including the "Case Opening Memorandum", interview notes, a "close letter to complainant's counsel", media "talking points" and descriptions of telephone conversations with reporters, all of which also were withheld in full or in part primarily based on claimed applications of Exemptions 5 and/or 7(E). (*See* CRCL *Vaughn* Index at CR 7246-483 – CR 7246-486; CR 7246-556 – CR 7246-657; CR 7246-731 – CR 7246-736; CR 7246-1159 – CR 7246-1160; and CR 7246-1265.)

- Any records containing information relating to Ms. Inamagua or the circumstances of her death that were withheld in full or in part ostensibly because of Ms. Inamagua's privacy interest in the documents under Exemptions 6 and/or 7(C). (*See, e.g.*, CRCL *Vaughn* Index at CR 7246-660 – CR 7246-716.) As OIG and ICE recognized, those exemptions are largely inapplicable to information concerning a deceased detainee. (*See* Gallo Declaration at 25 n.11 ("OIG did, however, segregate and release all of the information concerning deceased detainees and the circumstances surrounding their deaths, because deceased detainees have, upon their deaths, minimal privacy rights").)

- An April 7, 2006 e-mail complaint concerning the treatment of Ms. Inamagua, withheld in part purportedly under Exemption 6. (*See* CR 7246-718.)

      CRCL also failed to provide a proper *Vaughn* index that describes with sufficient detail withheld or redacted records, often using only a few words to describe pages of information and/or multiple claimed exemptions. However, rather than request a replacement *Vaughn* index covering all records that CRCL withheld, the ACLU requests that CRCL provide a sufficient description of the withheld information within the following bates ranges: 7246-3 – CR 7246-126; CR 7246-556 – CR 7246-657; CR 7246-718; CR 7246-725; CR 7246-731 – CR 7246-736; CR 7246-742; CR 7246-767 – CR 7246-768; CR 7246-776 – CR 7246-777; CR 7246-789; CR 7246-804 – CR 7246-805; CR 7246-808 – CR 7246-814; CR 7246-818; CR 7246-825; CR 7246-859 – CR 7246-868; and CR 7246-1033. Once CRCL provides more detailed *Vaughn* index entries for these documents, the ACLU will be able to determine whether it will challenge the affected exemption claims (to the extent we have not already done so above). If CRCL refuses to provide further information, the ACLU likely will challenge the exemption claims.

Marina Utgoff Braswell, Esq.                                                                                                -4-

        Finally, the released portions of many of the documents that CRCL produced are unreadable because of poor copy quality. Accordingly, the ACLU requests that CRCL provide replacement copies of the following records: CR 7246-725; CR 7246-742; CR 7246-748 – CR 7246-752; CR 7246-757 – 758; CR 7246-767 – CR 7246-768; CR 7246-791 – CR 7246-792; CR 7246-808 – CR 7246-809; CR 7246-896; and CR 7246-920 – CR 7246-921.

        \*        \*        \*

        The foregoing is provided without waiver of the ACLU's rights to assert further challenges to the performance of defendants' obligations under FOIA, and it should not be construed as an admission that defendants adequately performed their obligations under FOIA with respect to any matters not addressed herein.

        The ACLU is, of course, willing to provide further information concerning any of the foregoing and to discuss potential resolution of any of its above-described concerns prior to any summary judgment briefing. We hope that defendants agree to provide corrected releases consistent with the above-described concerns without court compulsion. Please feel free to call me at (212) 558-7393.

        Very truly yours,

        Benjamin Walker

(Enclosure)

cc:    Margaret K. Pfeiffer, Esq.
        Lee Ann Anderson McCall, Esq.
        Judy Rabinovitz, Esq.
        Tom-Tsvi M. Jawetz, Esq.
        David Shapiro, Esq.